3:08-CR-00053-JCM-RAM

# MINUTES OF SPECIAL SHAREHOLDER AND DIRECTORS' MEETING OF MACK ASSOCIATES, INC.

A Special Shareholder and Directors' Meeting of Mack Associates, Inc. was held Monday, July 7, 2008 at 321 Broadway, Reno, Nevada at 3:00 p.m. Luther Mack called the meeting to order. The purpose of the meeting was to authorize its counsel, Robert E. Goldman of Fox Rothschild LLP, to execute on behalf of the corporation the Memorandum of Plea Negotiations and Plea Agreement which is attached hereto as Exhibit A and to enter a plea of guilty to the Two Count Information which is attached hereto as Exhibit B. This authorization follows a complete review of the Memorandum of Plea Negotiations and Information with counsel.

On motion duly made and seconded, it was unanimously

> RESOLVED, that Robert E. Goldman of Fox Rothschild is authorized to execute the Plea Memorandum and Agreement attached hereto as Exhibit A on behalf of Mack Associates, Inc. and to enter a plea of guilty on behalf of the corporation to the Information attached hereto as Exhibit B.

There being no further business requiring Shareholder or Director action or consideration and upon motion duly made, seconded and carried, the meeting was adjourned.

Dated this 7th day of July, 2008.

_____
Luther Mack
Chairman/President and Secretary



FILED _____   RECEIVED _____
ENTERED _____   SERVED ON
                COUNSEL/PARTIES OF RECORD

JUL 1 6 2008

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____                    DEPUTY

# U.S. Department of Justice



*United States Attorney's Office*
*District of Nevada*

Gregory A. Brower
United States Attorney

100 West Liberty Street   Phone (775) 784-5438
Suite 600                 Fax (775) 784-5181
Reno, Nevada 89501

July 9, 2008

MEMORANDUM OF PLEA NEGOTIATIONS

TO:        The Honorable James C. Mahan
           United States District Judge

FROM:      Donald M. Reno, Jr.
           Special Assistant United States Attorney

SUBJECT:   United States v. Mack Associates, Inc., a Nevada Corporation
           3:08-CR-53-JCM-RAM

## I. PLEA NEGOTIATION

**All references to the federal Sentencing Guidelines are advisory and not binding on the Court. However, the Government will be seeking a sentence within the Guideline range believing that it is reasonable under *US v. Booker*, 543 U.S. 220 (2005), and that such a sentence will reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, avoid unwarranted sentencing disparities, provide restitution to victims, and effectively provide the Defendant with needed educational or vocational training and medical care.**

The Defendant, MACK ASSOCIATES, INC., a Nevada Corporation, is charged in a
two-count Information filed June 30, 2008. Count One charges the offense of Conspiracy to Encourage and Induce An Alien's Unlawful Residence in the United States in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv) and (v)(I). Count Two charges the offense of Aid and Abet to Encourage and Induce An Alien's Unlawful Residence in the United States in violation of Title 8, United States Code,

*Exhibit A*

Sections 1324(a)(1)(A)(iv) and (v)(II). The Defendant will plead guilty to both Counts of the Information.

The Government and the Defendant have agreed to the following:

      1. The Defendant will plead guilty to Counts One and Two of the Information and waive indictment by a grand jury. The Defendant agrees to pay the maximum fine per Count of Five-Hundred Thousand Dollars ($500,000.00) each, for a total of One-Million Dollars ($1,000,000.00). Three-Hundred Thousand Dollars ($300,000.00) of the $1,000,000.00 fine will be paid at the time of sentencing and the balance of Seven-Hundred Thousand Dollars ($700,000.00) will be paid within nine (9) months following sentencing. The parties further agree Mack Associates should be sentenced to a term of probation during the period the fine is to be paid. This agreement is pursuant to F.R.Cr.P. 11(c)(1)(C) and intended to be binding on the Court.

      As part of this agreement, the Government agrees not to bring any further charges against Mack Associates arising from this investigation and that Luther Mack, the President and sole stockholder of Mack Associates, will not be charged for any offenses arising from the subject matter of the underlying investigation of Mack Associates. There will be no additional civil penalties imposed against the Defendant.

      2. The parties agree the Base Offense Level for the offense set forth in the Information is Level 12 pursuant to USSG § 2L1.1(a)(3) (2007 ed.)

      3. The Government agrees not to oppose the Defendant's request for a reduction of two levels for Acceptance of Responsibility under USSG § 3E1.1(a), as long as the Defendant continues to clearly demonstrate their acceptance of Responsibility in all further criminal proceedings.

      4. The Parties agree the United States Attorney's Office is not bound by the United States Probation Office's decision as to whether the Defendant has accepted responsibility and it is understood that the United States Attorney's Office will make its own independent evaluation of this adjustment to the offense level.

      5. The parties agree they are not aware at this time of any facts or circumstances that would allow for any other adjustments to the Offense Level under USSG Chapters Two or Three.

      6. The parties agree the Offense Level is based upon information concerning this offense and the Defendant as it is known at the present time and could change based upon the investigation by the United States Probation Office and the findings of the District Court at the time of sentencing.

      7. The Defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the Defendant pleads guilty. However, if the Court accepts this plea memorandum, the Court must impose a fine of $1,000,000.00 and a term of probation as detailed in Paragraph 1 above.

June 25, 2008
Page 3

        8. The Defendant is also aware that Title 18, United States Code, Section 3742, gives the Defendant a right to appeal the sentence to be imposed and that other federal laws give the Defendant rights to appeal other aspects of their conviction. In exchange for the concessions made by the United States in the instant plea agreement, the Defendant knowingly and expressly waives the right to appeal any sentence to be imposed that is within the sentencing term contemplated by the parties in this memorandum, further waives the right to appeal the manner in which that sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742, and further waives the right to appeal any other aspect of its conviction or sentence.

II. <u>PENALTY</u>:

<u>Statutory</u>:

Title 8, United States Code, Section 1324(a)(1)(B)(i)(conspiracy—Count One) ten (10) years imprisonment for individuals.

Title 8, United States Code, Section 1324(a)(1)(B)(ii)(aid and abet---Count Two) five (5) years imprisonment for individuals.

Title 18, United States Code, Section 3571(c)(3)(organization), provides that a fine of not more than Five-Hundred Thousand Dollars ($500,000.00) may be imposed per offense for any organization.

Title 18, United States Code, Section 3561(c)(1)(1-5 years of probation).

<u>Sentencing Guidelines</u>:

A mandatory special assessment under Title 18, United States Code, Section 3013(a)(2)(B)(defendant is not an individual), and USSG § 5E1.3 of Four-Hundred Dollars ($400.00) must be imposed for each conviction of a defendant not an individual.

Imposition of probation is pursuant to USSG § 8D1.1(a)(2), (3)(A)(i), (6) and (8).

III. <u>ESSENTIAL ELEMENTS OF THE OFFENSE</u>:

Before a verdict of guilty may be reached, the Government would have to prove the essential elements of the offense beyond a reasonable doubt as to each count as follows:

<u>Count One</u>:  <u>Conspiracy to Encourage and Induce An Alien to Remain Unlawfully In The United States</u>

    <u>First</u>:  Beginning in May 2000, and ending October 3, 2007, there was an agreement between the Defendant and at least one other person to violate Title 8, United States Code, Section 1324(a)(1)(A)(iv);

June 25, 2008
Page 4

>
> Second: The Defendant became a member of the conspiracy and knew at least one of its objects and intended to help accomplish it; and
>
> Third: One of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

Count Two: Aid and Abet to Encourage and Induce An Alien to Remain Unlawfully In The United States

>
> First: Nereyda Salgado was an alien;
>
> Second: The Defendant encouraged or induced Nereyda Salgado to reside in the United States in violation of law or aided and abetted another person to commit the offense before the crime was completed; and
>
> Third: The Defendant knew or was in reckless disregard of the fact that Nereyda Salgado's continuing residence in the United States would be in violation of law.

## IV. FACTUAL STIPULATION RELEVANT TO SENTENCING:

### A. Facts Relating to Count One

1. The Defendant has owned and operated McDonald's Restaurants in the Reno metropolitan area since its incorporation in 1976 and currently operates eleven (11) McDonald's Restaurants under a franchise agreement with the parent company, McDonald's headquartered in Oak Brook, Illinois.

2. In May 2000 Joe Gillespie ("Gillespie") and Jimmy Moore ("Moore") were employees of the Defendant. Gillespie was the Director of Operations and Moore was the Vice President.

3. Sometime in early 2000, the Immigration and Naturalization Service (INS) executed an enforcement operation on several of the Defendant's McDonald's Restaurants and apprehended a number of illegal aliens who were unlawfully employed at these restaurants. Felipe Garcia, a Mexican national with no legal status to be in the United States, was the manager at one of the Defendant's McDonald's Restaurants in 2000, but was not apprehended. Shortly after this INS enforcement action, Gillespie and Moore informed Felipe Garcia that his employment at the Defendant's McDonald's Restaurants was terminated because of his inability to comply with existing employment laws regulating the hiring of illegal aliens.

Within the Defendant's organization, Felipe Garcia was a respected and qualified restaurant manager. It was well known among certain of the Defendant's officers and

June 25, 2008
Page 5

executive management including Jimmy Moore, the Vice President, that Felipe Garcia was a Mexican national who had no legal status to be in the United States. Felipe Garcia began his employment with the Defendant on March 22, 1992.

4. In or about May 2000, Felipe Garcia was employed at a Wendy's Restaurant in the Reno metropolitan area. At this time, Gillespie and Moore approached Felipe Garcia and offered to reinstate him in his former position as a McDonald's Restaurant manager at one of the Defendant's operations. The Defendant was pursuing the object of the conspiracy through Gillespie and Moore by encouraging and inducing Felipe Garcia to remain unlawfully in the United States through employment at their McDonald's Restaurants.

5. In furtherance of the conspiracy, the Defendant committed an overt act on or about June 1, 2000, when Gillespie gave Felipe Garcia a piece of paper with the name of Jesus F. and an accompanying social security number on it at the Defendant's Sun Valley McDonald's Restaurant. Gillespie then told Felipe Garcia that he would be using the social security number and name of Jesus F. in the future while employed by the Defendant. Jesus F. was the name of the deceased ex-husband of Gillespie's wife at the time, Blanca F.. Gillespie had a manager of one of the Defendant's McDonald's Restaurants fill out an "Employment Eligibility Verification" form known as an "I-9." The I-9 form attested to the fact that Felipe Garcia, using the assumed name and social security number belonging to the deceased "Jesus F.," was a lawful permanent resident alien authorized to work in the United States.

6. The Defendant's Vice President, Jimmy Moore, knew that Felipe Garcia was using the name of Jesus F. to conceal his illegal status in order that he could be "legally" employed by the Defendant. The Defendant issued paychecks in the name of Jesus F. from approximately June 2000 through October 3, 2007 knowing that Felipe Garcia was receiving these paychecks.

7. As a result of this offense, Felipe Garcia secured gainful employment at McDonald's Restaurants through the Defendant from June 2000 until October 2007 and thereby supported his continued unlawful residence in the United States.

B. Facts Relating to Count Two

8. Count Two: Nereyda Salgado ("Salgado") is a Mexican national who has never had legal status to be in the United States. In March 2003, she was hired by Hector Ramirez, a Mexican national illegally in the United States, who managed one of the Defendant's McDonald's Restaurants. Ramirez hired Salgado knowing that she was using the name and social security number of Carlos Q., Salgado's boyfriend at the time. At some point in 2006, Carlos Q. informed Salgado that she could no longer use his social security number to work at the Defendant's McDonald's Restaurants.

Salgado told Moore that she was quitting because she was forced to give her social security number back to Carlos Q. Moore said that he would take care of the

June 25, 2008
Page 6

situation. The next pay period, after relinquishing the Carlos Q. name and social security number, Salgado received a paycheck for her management duties in the name of "Nancy G." When Salgado questioned the Defendant's payroll administrator who the paycheck in the name of Nancy G. was for, Salgado was informed that was her new identity for payroll purposes. The Nancy G. name assumption for Salgado occurred sometime between July and September 2006. Salgado continued to receive paychecks in the name of Nancy G. from the Defendant until on or about September 27, 2007, when she was apprehended by immigration agents.

The Defendant's officers, Jimmy Moore and Director of Operations, Joe Gillespie, knew that Nereyda Salgado was using the name of Nancy G. to conceal her illegal status in order that she could be "legally" employed by the Defendant. The Defendant issued paychecks bi-weekly in the name of Nancy G. knowing that the checks were in fact compensation for Salgado.

As a result of this offense, Nereyda Salgado secured gainful employment at McDonald's Restaurants through the Defendant from July/September 2006 until September 27, 2007, and thereby supported her continued unlawful residence in the United States.

V. STATEMENT OF THE DEFENDANT:

MACK ASSOCIATES hereby acknowledge that it has thoroughly read and reviewed this memorandum with its attorney and agree that this memorandum completely and accurately states the facts supporting its plea of guilty and the negotiations between them, their attorney, and the United States Attorney's Office. Mack Associates has discussed the contents of this memorandum with its attorney and it has been explained to their satisfaction.

Mack Associates has explained the facts and circumstances surrounding this case to its attorney and has been advised of what legal courses of action Mack Associates might take. These discussions have included what might happen if Mack Associates goes to trial, what evidence the Government has against Mack Associates, and the possible defenses, if any, Mack Associates may have to these criminal charges.

Mack Associates' attorney has not promised the company anything not mentioned in this plea memorandum and, in particular, the attorney has not promised that Mack Associates will get any specific sentence. Mack Associates understands that any discussions with its attorney about the possible sentence it might receive from the Court are just predictions and not binding on the Court unless the Court accepts this plea memorandum and negotiations. If the Court rejects these negotiations, the Defendant will be offered the opportunity to withdraw the plea.

Mack Associates' attorney has also explained its Constitutional Rights, including its right to a jury trial, to confront its accusers, to call witnesses on its behalf, and its right to remain silent. Mack Associates' attorney has further explained to them that they have

June 25, 2008
Page 7

to waive these rights, that is, give them up, in order to have their guilty plea accepted by the Court.

Mack Associates understands that the United States Attorney's Office will fully inform the Court and the United States Probation Office of the nature, scope, and extent of its conduct regarding the facts and circumstances of the charges against them, and any and all related matters in aggravation or mitigation concerning the issue of its sentencing.

Mack Associates knows the parties are making a binding recommendation as to what type of sentence Mack Associates should receive. The Court does not have to follow that recommendation. Mack Associates also understand that it will have an opportunity to withdraw its guilty plea if the Court decides to not follow the binding sentencing recommendation of the parties.

Mack Associates further understands that the matter of sentencing is entirely up to the Court. Any stipulations or agreements between Mack Associates, its attorney, and the United States Attorney's Office are binding upon the Court. Mack Associates knows the Court will decide its sentence based upon the facts of this case, its background, and the Sentencing Guidelines. **Mack Associates expects its sentence to be the maximum fine that can be imposed under Title 18, United States Code, Section 3571(c)(3)(organization), for Counts One and Two of the Information and that the Court may impose probation in accordance with USSG § 8D1.1, as noted in Section II herein.**

Finally, Mack Associates understands that its decision to plead guilty or go to trial is its alone. As stated above, Mack Associates has discussed this case fully with its attorney and received legal advice about what is the best course of action that it should take. Mack Associates' decision after receiving this advice is to plead guilty under this agreement.

_____  7-11-08
MACK ASSOCIATES, INC.       Date
Defendant

_____  7-11-08
ROBERT E. GOLDMAN           Date
Attorney for Defendant

GREGORY A. BROWER
United States Attorney
RONALD C. RACHOW
Assistant United States Attorney
DONALD M. RENO, JR.
Special Assistant United States Attorney
100 West Liberty Street, Suite 600
Reno, Nevada 89501
Tel: (775) 784-5438

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | FELONY INFORMATION FOR |
| v. ) | VIOLATION OF TITLE 8, |
| ) | UNITED STATES CODE, SECTIONS |
| MACK ASSOCIATES, INC., ) | 1324(a)(1)(A)(iv), (a)(1)(A)(v)(I) and |
| (II) | |
| a Nevada Corporation. ) | Encouraging and Inducing Alien's |
| Unlawful | |
| ) | Residence In The United States, |
| Conspiracy | |
| Defendant. ) | (Count One), Aid and Abet (Count Two) |

The United States Attorney Charges That:

### Count One

In or about May 2000, through October 3, 2007, at Reno, within the District of Nevada, MACK ASSOCIATES, INC., a Nevada corporation, through its officers and employees, did knowingly combine, conspire and agree to commit the offense to encourage and induce Felipe Garcia, an alien, a citizen and national of Mexico, to reside in the United States, while knowingly and in reckless disregard of the fact that

*Exhibit B*

Felipe Garcia's residence in the United States was in violation of law.

All in violation of Title 8, United States Code, Sections 1324 (a)(1)(A)(iv) and (v)(I).

## Count Two

In or about July 2006 through September 27, 2007, at Reno, within the District of Nevada, MACK ASSOCIATES, INC., a Nevada corporation, through its officers and employees, did knowingly aid, abet, counsel, encourage and induce Nereyda Salgado, an alien, a citizen and national of Mexico, to reside in the United States, while knowingly and in reckless disregard of the fact that Nereyda Salgado's residence in the United States was in violation of law.

All in violation of Title 8, United States Code, Sections 1324 (a)(1)(A)(iv) and (v)(II).

GREGORY A. BROWER  
United States Attorney

_____

RONALD C. RACHOW  
Assistant United States Attorney

_____

DONALD M. RENO, JR.  
Special Assistant United States Attorney

## Becker, Christine

**From:** ktuser
**Sent:** Tuesday, July 01, 2008 3:00 PM
**To:** Becker, Christine
**Subject:** Kwiktag document is now available in Docs Open - 055009476

FROF\cbecker has filed document **055009476**, which has now been received and is available for viewing. Access the document using KwikTag from the **DM** drawer.

The following information was entered during filing:

------------------------------------------------

**DOCNUM : 813814**
**LIBRARY : DT1**
**CLIENTID : 52928**
**MATTERID : 00001**

------------------------------------------------

Thank you for using KwikTag.
"The Way You Manage Paper"

7/1/2008